

FILED
VANESSA L. ARMSTRONG, CLERK

FEB 1 4 2011

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>v.<br><br>433 cases more or less of an<br>article of drug, each case<br>containing 144/14 ml bottles<br>in individual cartons labeled in<br>part:<br><br>     (case)<br><br>"*** Auralgan Otic Solution, 14ml<br>*** NDC 16881-300-15 *** Lot: ***<br>Exp. Date:*** Manufactured for:<br>Deston Therapeutics Chapel Hill,<br>NC***"<br><br>     (carton)<br><br>"***Auralgan OTIC SOLUTION***<br>NDC 16881-300-15***NEW FORMULATION<br>***NOT SUBSTITUTABLE*** LOT ***<br>Exp ***<br><br>     (bottles)<br><br>*** Auralgan *** OTIC SOLUTION ***<br>14ml *** DESTON therapeutics ***<br>NDC 16881-300-15 *** LOT *** Exp<br>***Mfg. for: Deston Therapeutics<br>Chapel Hill, NC ***<br><br>and<br><br>any other article of Auralgan Otic<br>Solution in any size or type of<br>container that are located<br>anywhere on the premises of<br>Integrated Commercialization<br>Solutions, Inc., 420 International | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>Civil Action No. 3:11CV-84-R<br><br><br><br>VERIFIED COMPLAINT<br>FOR FORFEITURE IN REM |

| | |
|---|---|
| Blvd., Suite 500, Brooks, Kentucky<br>or elsewhere within the<br>jurisdiction of this Court,<br><br>            Defendant. | )<br>)<br>)<br>)<br>) |

Plaintiff, the United States of America, by counsel, respectfully brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

## NATURE OF THE ACTION

1. This complaint is filed by the United States of America, and requests seizure and condemnation of an article of drug, as described in the caption, for violations of the Federal Food, Drug, and Cosmetic Act (Act), 21 U.S.C. § 301, et seq.

2. The article of drug, as described in the caption, is in the possession of Integrated Commercialization Solutions, Inc. ("ICS" or "the firm"), 420 International Blvd, Suite 500, Brooks, Kentucky or elsewhere within the jurisdiction of this Court, which article consists in whole of in part of components that were shipped in interstate commerce from outside the Commonwealth of Kentucky.

## JURISDICTION AND VENUE

3. Plaintiff brings this action in rem in its own right to condemn and forfeit the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and 21 U.S.C. § 334, which provide the Court with jurisdiction over seizures brought under the Act.

4. This Court has in rem jurisdiction over the article because it is located in the Western District of Kentucky. Upon filing of this complaint, the plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the plaintiff will

execute upon the property pursuant to Supplemental Rule G(3).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1395(b) and 21 U.S.C. § 334(a)(1) because the defendant property is located at Integrated Commercialization Solutions, Inc., 420 International Blvd, Suite 500, Brooks, Kentucky.

## BASIS FOR FORFEITURE

6. The article listed in the caption is a drug which may not be introduced or delivered for introduction into interstate commerce pursuant to the Act, 21 U.S.C. § 355(a), in that it is a "new drug" within the meaning of 21 U.S.C. § 321(p), and no approval for an application filed pursuant to 21 U.S.C. § 355(b) or (j) is in effect for such drug, nor is there in effect a notice of claimed investigational exemption filed pursuant to 21 U.S.C. § 355(i) and Code of Federal Regulations Part 312.

7. The article listed is misbranded while held for sale after shipment in interstate commerce within the meaning of the Act, 21 U.S.C. § 352(f)(1), in that the labeling fails to bear adequate directions for use, and it is not exempt from this requirement under 21 C.F.R. § 201.115 since the article is a new drug within the meaning of 21 U.S.C. § 321(p), and no approval for an application filed pursuant to 21 U.S.C. § 355(b) or (j) is in effect for such drug.

8. By reason of the foregoing, the article is held illegally within the jurisdiction of this Court and is liable to seizure and condemnation pursuant to 21 U.S.C. § 334.

## FACTS

9. Auralgan is a prescription ear drop, which is marketed to treat pain and inflammation associated with ear infections, and constitutes a new drug under the Act.

10. Auralgan is marketed in the United States without approval by the U.S. Food and Drug Administration (FDA).

11. Auralgan is marketed by Deston Therapeutics LLC, 6320 Quadrangle Drive, Suite 100, Chapel Hill, North Carolina (Deston). Deston contracts the manufacture, warehousing and distribution of Auralgan through E-Z-EM Canada, Inc., Division of Therapex (Quebec, Canada) and ICS (Brooks, Kentucky).

12. On February 5, 2010, FDA issued a Warning Letter to Deston, citing the firm for distribution of misbranded and unapproved new drugs including, but not limited to, products manufactured by Provident Pharmaceuticals, LLC ("Provident"). On February 10, 2010, Deston agreed to cease distribution of Provident-manufactured drug products, but other similar products, including Auralgan, were left unaddressed. On March 3, 2010, FDA noted in a letter that the firm's response was not adequate. Specifically, FDA informed the firm that the violations cited in the February 5, 2010 Warning Letter were not necessarily limited to Provident-manufactured drug products, and could apply to all drug products Deston marketed without FDA-approved applications.

13. On May 28, 2010, Deston filed a Citizen Petition requesting that FDA confirm that Auralgan is generally recognized as safe and effective (GRAS/E) under certain conditions and indications, in lieu of seeking approval of a new drug. Alternatively, if Auralgan is found to not be GRAS/E, the petition requested that the product continue to be marketed while Deston pursues FDA approval. Deston was informed during a regulatory meeting with FDA on June 1, 2010 that filing a Citizen Petition would not delay an enforcement action.

14. On April 2, 2010, June 1, 2010 and September 14, 2010, FDA communicated orally and in writing to Deston that Auralgan is an unapproved new drug and the firm's continued marketing is in violation of the Act. On October 4, 2010 and more recently on January 3, 2011, FDA confirmed the continued distribution of Auralgan by Deston via ICS.

WHEREFORE, the plaintiff respectfully requests that the Court issue a warrant and summons for the arrest and seizure of the defendant property; that all persons having any interest in the article be cited to appear herein and answer the allegations of the complaint; that this Court decree the condemnation of the article and grant plaintiff the costs of this proceeding against the claimant of the article; that the article be disposed of as the Court may direct pursuant to the provisions of the Act; and that plaintiff have such other and further relief as the case may require.

Respectfully submitted,

DAVID J. HALE
United States Attorney

William F. Campbell
Assistant United States Attorney
510 West Broadway, 10th Floor
Louisville, Kentucky 40202
Phone: (502) 582-6773
Fax: (502) 625-7110
bill.campbell@usdoj.gov

## VERIFICATION

I, SERENE N. ACKALL, Compliance Officer for the Food and Drug Administration, U.S. Department of Health and Human Services, have read the foregoing Verified Complaint for Forfeiture in rem in this action and state that its contents are true and correct to the best of my knowledge, information, and belief.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct. Executed on the 11th day of February, 2011.


*(signature)*
SERENE N. ACKALL
Compliance Officer
Food and Drug Administration
Department of Health and Human Services